DA 08-0492

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 224N

R.M.S., Sr., S.S., and R.S.,

      Plaintiffs and Appellants,

  v.

DEPARTMENT OF PUBLIC HEALTH AND
HUMAN SERVICES, a State Agency, DEER
LODGE COUNTY, a Government Entity,
LEAH MERCHEN, TERRI WALDORF,
individually and in her capacity as a community
social worker and supervisor, and DAN BLUME,
personally and in his capacity as a Detective for
Deer Lodge County,

      Defendants and Appellees,

APPEAL FROM:    District Court of the Third Judicial District,
                    In and For the County of Deer Lodge, Cause No. DV 2002-082
                    Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Karl Knuchel, Attorney at Law, Livingston, Montana

      For Appellee Department of Public Health and Human Services:

            Hon. Steve Bullock, Montana Attorney General, Peter Funk, Assistant
            Attorney General, Helena, Montana

      For Appellees Anaconda-Deer Lodge County and Dan Blume:

            Thomas M. Welsch, Cindy L. Walker, Poore, Roth & Robinson, P.C.,
            Butte, Montana

Submitted on Briefs:  June 10, 2009

Decided:  June 30, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     R.M.S., Sr., is the father of daughters S.S. and R.S.  The defendants and appellees are government agencies and individual employees of these agencies who acted in their official capacities to temporarily remove S.S. from her parents' home based on allegations of abuse.  R.M.S. brought an action against the Department of Public Heath and Human Services (DPHHS), Deer Lodge County (the County), Leah Merchen, Terry Waldorf and Dan Blume, claiming they had negligently performed their duties, had intentionally and negligently inflicted emotional distress upon him, and had slandered him.  He subsequently amended his complaint to include as plaintiffs daughters S.S. and R.S.  The defendants filed motions for summary judgment claiming statutory immunity under § 41-3-203, MCA.  The Third Judicial District Court granted summary judgment in favor of the defendants.  R.M.S., S.S. and R.S. appeal.  We affirm.

**ISSUE**

¶3     A restatement of the issue on appeal is:

¶4     Did the District Court err in granting summary judgment in favor of the defendants on the basis of immunity?

3

## FACTUAL AND PROCEDURAL BACKGROUND

¶5    In May 1999, DPHHS received a report from S.S.'s school that S.S. may have been a victim of child abuse approximately one year earlier.  S.S. claimed her father, while intoxicated, had touched her sexually.  Merchen and Waldorf, social workers with DPHHS, were assigned to the case and reported it to law enforcement.  Blume, a detective with the Anaconda-Deer Lodge County Police Department, was assigned to investigate the allegation with Merchen and Waldorf.  Merchen interviewed S.S. on May 21, and Blume videotaped the interview but did not ask questions.  At the conclusion of the interview, Merchen decided to remove S.S. from the family's home.  Blume later testified that based on the girl's interview, he did not believe the incident of child abuse occurred.

¶6    In early June 1999, S.S.'s parents met individually with Merchen for the first time to discuss the matter.  Blume was also present at these meetings as a "peace keeper" and observer, but did not actively participate in the discussions that took place.  At the meeting with S.S.'s mother V.S., V.S. claimed she did not believe the incident occurred but authorized S.S.'s transfer to foster care out of concern for the child's safety and concern over her husband's drinking.

¶7    At a subsequent meeting in mid-June 1999, Merchen asked R.M.S. to complete a drug, alcohol and sex offender evaluation.  He refused.  Blume attended this meeting, as well, once again as a "peace keeper" and observer but did not ask questions.  After this meeting, Blume had no further involvement in this case and neither Merchen nor Waldorf shared any further facts with him.

4

¶8 Shortly thereafter, DPHHS filed for, and was granted, temporary investigative authority. V.S. reported that R.M.S. continued drinking and became violent toward her by late June; therefore, she sought a temporary restraining order. R.M.S. moved out of the family home around this time. DPHHS worked with the family, primarily V.S., and reunited S.S. with her mother on September 1, 1999. R.M.S. claims that S.S. began living with him sometime in 2000.

¶9 R.M.S. and V.S. were divorced on May 8, 2002. The court-approved Final Parenting Plan granted joint custody of the minor children, including S.S., to both parents. S.S. and her sister, R.S., reside with R.M.S. In June 2002, R.M.S. filed a complaint against the defendants alleging they had negligently performed their duties, had intentionally and negligently inflicted emotional distress upon him, and had slandered him. In August 2005, R.M.S. moved to amend his complaint to add his daughters, S.S. and R.S., as plaintiffs. The motion was granted. S.S. presented a single claim—that her civil rights were violated and she was denied due process. R.S. presented no claim in the amended complaint.

¶10 In September 2005, DPHHS moved to dismiss the claims against Merchen and Waldorf on various grounds. While this motion was pending, in December 2005, the County and Blume moved for summary judgment on the grounds that the claims were time-barred, were not pleaded properly and that the County and Blume should prevail on the merits. In January 2006, the District Court granted DPHHS's motion to dismiss the claims presented by R.M.S. and R.S., noting that R.S. had failed to state a claim. The

court denied the motion as to S.S.'s claim. No appeal was taken from the order of dismissal.

¶11 The court held a hearing on September 27, 2006, on the County's and Blume's summary judgment motion. On December 27, 2006, the court granted the County and Blume's motion as to S.S. and R.S., as well as R.M.S.'s slander claim. It denied the motion in regard to R.M.S.'s negligent and emotional distress claims, finding that summary judgment was not appropriate for those claims. Again, no appeal was taken from the entry of partial summary judgment.

¶12 In August 2007, the County and Blume filed another motion for summary judgment on the ground of immunity, seeking a ruling in their favor upon R.M.S.'s remaining negligence claims. In April 2008, DPHHS, Merchen and Waldorf moved for summary judgment upon S.S.'s remaining claim, also on the ground of immunity. On May 7, 2008, the court held a hearing, and on June 13, 2008, issued its order granting summary judgment in favor of the County and Blume. On September 4, 2008, the District Court granted the summary judgment motion filed by DPHHS, Merchen, and Waldorf. Judgment was entered on September 29, 2008, and R.M.S., S.S., and R.S. filed a timely appeal from these orders.

## STANDARD OF REVIEW

¶13 We review a district court's ruling on summary judgment de novo using the same criteria applied by the district court under M. R. Civ. P. 56. A district court properly grants summary judgment only when no genuine issues of material fact exist, and the

moving party is entitled to judgment as a matter of law. *Pennaco Energy v. Bd. of Environmental Rev.,* 2008 MT 425, ¶ 17, 347 Mont. 415, 199 P.3d 191.

**DISCUSSION**

¶14 As to R.M.S.'s negligent investigation claim against the County and Blume, the District Court analyzed the application of § 41-3-203, MCA (2007), which grants immunity to "[a]nyone investigating or reporting any incident of child abuse or neglect under 41-3-201 or 41-3-202" unless the person "was grossly negligent or acted in bad faith or with malicious purpose or provided information knowing the information to be false." The court found that, absent bad faith or malicious purpose, Blume qualified for § 41-3-203, MCA, immunity because, while he was not solely responsible for the investigation, he had "participated in an ongoing investigation of an allegation of child abuse."

¶15 The court concluded that R.M.S. failed to make any showing that Blume's conduct was grossly negligent, that Blume acted in bad faith or with malicious purpose, or that he provided information that he knew to be false; rather, R.M.S. "merely allege[d] that the Defendants conducted an inadequate and incomplete initial investigation and breached a duty to investigate further." The court held, therefore, that the County and Blume were entitled to immunity under the statute, as well as summary judgment as a matter of law. The District Court applied the same analysis to DPHHS's, Merchen's and Waldorf's motion for summary judgment and reached the same conclusion.

¶16 R.M.S. argues on appeal that the District Court erred in granting summary judgment because there are genuine issues of material fact concerning the adequacy of

7

the investigation. He and S.S. further maintain that the appellees were "grossly negligent" and, therefore, the immunity statute did not protect them from liability. S.S. also argues on appeal that the appellees disregarded her constitutional due process right when they removed her from her home, and that genuine issues of material fact pertaining to her claim exist. Consistent with every document filed since R.S. was named as a plaintiff, R.S. presents no claim on appeal.

¶17 The County and Blume respond that R.M.S. did not allege "gross negligence" in his amended complaint; therefore, the County and Blume were entitled to judgment as a matter of law based on the immunity defense. The County and Blume further assert that Blume could not have been grossly negligent in failing to investigate further, or in failing to implement appropriate procedures because the child's mother consented to placement of S.S. in foster care.

¶18 Addressing S.S.'s claim on appeal, DPHHS asserts that Merchen and Waldorf conducted a thorough investigation, that their actions and conduct were appropriate, and that they complied with the statutorily prescribed duties required when conducting investigations into allegations of child abuse. DPHHS contends that neither the amended complaint nor any other evidence presented to the District Court established that S.S. had been denied due process or that her civil rights had been denied. The agency posits that S.S. failed to sustain her burden to demonstrate that any genuine issues of material fact pertaining to her claim remained for trial.

¶19 Our review of the record supports the appellees' assertions on appeal. R.M.S. and S.S. have failed to come forth with material facts that support the conclusion that

summary judgment was inappropriate. At the time DPHHS filed its motion for summary judgment, the only claim that remained against the agency and its social workers was S.S.'s due process claim. DPHHS correctly argued in support of its motion for summary judgment that S.S. had "failed to demonstrate by supporting facts that defendants' conduct violated any clearly established statutory or constitutional rights."

¶20 Additionally we note that the only claims remaining against the County and Blume were R.M.S.'s charges of negligence. It is significant in the face of such charges that the County's and Blume's involvement in this matter was extremely limited. As indicated above, with the exception of Blume videotaping one interview, and observing two others—with no active participation in any of the interviews—these defendants had no substantive involvement in this matter.

¶21 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The District Court correctly determined that no genuine issues of material fact remained for trial, and appropriately interpreted and applied the immunity statute, concluding that DPHHS, the County, Merchen, Waldorf and Blume were entitled to judgment as a matter of law.

¶22 We affirm.

/S/ PATRICIA COTTER

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS